UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA SATTLER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7018 |
| | ) | |
| v. | ) | |
| | ) | Judge John W. Darrah |
| CHICAGO POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Patricia Sattler, brought a civil-rights action against Defendants, Chicago Police Department and Chicago Police Officers Edgar Hernandez, Sean Markam, Michael Mazuppa, Jr., Detective Anthony Reyes, and Sergeant Patrick Crawford. Before the Court is Defendants' Motion to Dismiss.

## BACKGROUND

The following is derived from Plaintiff's Complaint. All statements are considered to be true for the purposes of this motion. This case involves a dispute between Plaintiff and members of the Chicago Police Department regarding an arrest made in November of 2008. On November 1, 2008, a robbery took place. The victim stated the female offender was "dark skinned . . . about twenty-five." Plaintiff is Caucasian and was approximately 17 years of age when the incident occurred. On November 9, 2008, Chicago Police Officers Hernandez and Markam forced entry into Plaintiff's home, without a valid search or arrest warrant, and placed Plaintiff under arrest. During the arrest, Plaintiff sustained a head injury and temporarily lost consciousness. Defendants Reyes and Hernandez refused to provide medical treatment to Plaintiff for her injuries. On November 10, 2008, Plaintiff was placed in a suggestive line-up

with individuals all older than thirty years of age. There were two victims to the robbery, one male and one female. The Defendants knew only one of the robbery victims (female) was able to identify the offender. Detective Reyes appeared before the Cook County Grand Jury and perjured himself upon testifying that both victims identified the Plaintiff. Sergeant Crawford is listed as performing a supervisory role throughout the time these acts occurred.

## STANDARD OF REVIEW

The parties agree, upon reviewing a motion to dismiss, the Court considers all facts in the Complaint and any reasonable inferences drawn therefrom in the light most favorable to Plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Indiana,* 361 F.3d 998, 1001 (7th Cir.2004). A dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if the factual allegations of the complaint, viewed in the most favorable light to the plaintiff, do not plausibly entitle the plaintiff to relief. *Bell Atlantic Corp v. Twombly,* 550 U.S. 561-62 (2007). A complaint need only provide a defendant with proper notice of what the claim is and the grounds upon which it rests. *Id.* at 1964. Additionally, those set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

## ANALYSIS

Defendants assert Plaintiff's Complaint is deficient for numerous reasons. First, Defendants assert the Chicago Police Department is not a suable entity. Second, Defendants assert Defendants Hernandez and Markam should be dismissed since they had probable cause to believe Plaintiff had committed the crime. Third, Defendants assert the Complaint does not allege which Defendants used excessive force or failed to provide medical care. Fourth, Defendants assert Defendant Reyes should be dismissed as Plaintiff has no actionable malicious-

2

prosecution claim. Lastly, the Defendants assert the Complaint fails to provide proper notice to Defendants Mazuppa[1] and Crawford.

### *Chicago Police Department*

Plaintiff alleges the Chicago Police Department is responsible for the actions of its employees. The Complaint specifically alleges the Chicago Police Department "demonstrated a pattern of indifference to the actions of Defendants." (Plaintiff's First Amended Complaint at ¶ 29). Also, Plaintiff alleges the Chicago Police Department "directly, or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants." *Id.* Plaintiff alleges her injuries and mental anguish are a direct result of Defendant Chicago Police Department's actions and has listed the entity as a Defendant.

Defendants argue naming the Chicago Police Department as a defendant is improper. "It is well-established in Illinois that a police department is not a suable entity, even regarding claims arising under § 1983." *Lalowski v. City of Des Plaines*, 2010 U.S. Dist. LEXIS 1489, at *5 (citing *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)). Claims brought against the Chicago Police Department are properly lodged against the City of Chicago. *Moseley v. City of Chicago*, 1991 U.S. Dist. LEXIS 4385, at *8 (N.D. Ill. 1991). Any complaint filed listing the Chicago Police Department as a defendant is improper and is properly filed naming the City of Chicago. *Gutzwiller v. City of Chicago*, 2004 WL 1595369 *4, (N.D. Ill. 2004). Thus, the Chicago Police Department is dismissed with leave to amend.

---

[1] Both parties stipulate to the dismissal of Defendant Mazuppa.

*Officers Hernandez and Markam – Unlawful Entry*

The Fourth Amendment protects individual liberties and prohibits unreasonable search and seizures. *Leaf v. Shelnutt*, 400 F.3d 1070, 1089 (7th Cir, 2005). In *Kirk v. Louisiana*, 536 U.S. 635 (2002) (*Kirk*), the Court ruled warrantless arrests made in a private residence, absent exigent circumstances, are unlawful. The Court stated, "the Fourth Amendment has drawn a firm line at the entrance to the house . . . [, a]bsent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Kirk*, 536 U.S. at 638 (quoting *Payton v. New York*, 445 U.S. 573, 590 (1980) (*Payton*)).

The Complaint before this Court alleges Officers Hernandez and Markam lacked both an arrest warrant for the Plaintiff and a search warrant for the home they entered. Defendants counter that they had probable cause to enter the house. However, even if Defendants could show that they had probable cause, they have not established – or attempted to establish – exigent circumstances, which were needed to permit a warrantless entry into Plaintiff's home. In other words, even if Defendants had probable cause to arrest Plaintiff, Plaintiff could still state a claim for a violation of the Fourth Amendment for unlawful entry. Thus, the motion to dismiss the unlawful-entry claim against Defendants Hernandez and Markam is denied.

*Officers Hernandez and Markam – Excessive Force*

Defendants assert the Complaint does not allege which specific Defendants used excessive force or failed to provide medical care. Plaintiff's Complaint alleges:

> On November 9, 2008 Defendant Police Officers HERNANDEZ and MARKAM were working in the tactical unit went [*sic*] to the Plaintiff's residence, forced entry into her home, advised her they had a warrant (which they did not have), hand cuffed her and transported her to the 17th District Police Department for the City of Chicago, IL while in her pajamas. When these defendants had the Plaintiff transported from District 17 to Area 5 of the Chicago Police Department they pushed her into the paddy wagon, slammed the door, causing it to strike her head and she lost consciousness. When she awoke these Defendants were standing over her but refused medical treatment.

4

(Plaintiffs First Amended Complaint at ¶¶ 18, 19).

The Court is not persuaded by Defendants' assertion the Complaint does not provide specific notice for specific Defendants alleged to have used excessive force or failed to provide medical care. Defendants Hernandez and Markam are adequately identified and supplied proper notice by the Plaintiff. Accordingly, the Defendants' motion on this basis is denied.

*Detective Reyes*

Fourth, the Complaint alleges the deprivation of rights secured by the U.S. Constitution for actions of specific Chicago Police Officers. The Plaintiff's Complaint alleges "unlawful and malicious acts" based on the procedure by which officers allegedly entered a house without a search warrant or consent of an occupant, subsequently made an arrest and charged the Plaintiff. (Plaintiff's First Amended Complaint at ¶ 27). Defendant Reyes was assigned to conduct the lineup and testify before the grand jury. The Complaint alleges actions taken by Defendant Reyes resulted in the deprivation of Plaintiff's secured rights under the U.S. Constitution.

Illinois law requires a plaintiff to establish five elements to pursue a malicious-prosecution claim: (1) the commencement or continuation of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice on the part of defendant; and (5) damages resulting to the plaintiff. *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996). A plaintiff cannot pursue their respective claim if any one of the five elements is missing. *Id.*

Plaintiff's Complaint does not allege the second required element, "termination of the proceeding in favor of the plaintiff." The Complaint does not state all necessary elements of a malicious-prosecution claim. Thus, the motion to dismiss is granted, as to this claim, without prejudice to refile.

*Sergeant Crawford*

Plaintiff's First Amended Complaint states:

> Defendant SERGEANT PATRICK CRAWFORD, STAR 1213, is the supervisor of the Detective unit that REYES and MAZUPPA worked in with [sic] the Chicago Police Department. Defendant CRAWFORD negligently failed to supervise or instruct these Defendants and he was to insure that they followed the laws and procedures of the Chicago Police Department to protect individuals from unlawful arrest and prosecution.

(Plaintiff's First Amended Complaint at ¶ 23).

Defendants counter that allegations made in Plaintiff's Complaint are insufficient to assert personal responsibility for a constitutional violation.

> Supervisors who are merely negligent in failing to detect and prevent subordinate's misconduct are not liable . . . . The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Almaraz v. Haleas*, 2008 WL 4547222 *6 (N.D. Ill.2008) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Plaintiff's Response to Defendants' Motion under Rule 12(b)(6) includes allegations not made within the First Amended Complaint. The Complaint states, "Defendant [Crawford] failed to supervise or instruct the other Defendants," whereas Plaintiff's response states "Defendant Crawford's actions were knowing, deliberate and with reckless indifference to the Plaintiff's constitutional rights and protections." (Plaintiff's First Amended Complaint at ¶ 23; Plaintiff's Resp. at 2.) Under Rule 12(b)(6), the Court can only consider allegations made within the four corners of the Complaint. *McCready v. eBay*, 453 F.3d 882, 891 (7th Cir. 2006). Plaintiff

6

alleges Defendant Crawford's conduct was that of mere negligence, whereby personal liability cannot be attached. Accordingly, the motion to dismiss Defendant Crawford is granted without prejudice to amend.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted in part and denied in part. The motion to dismiss the Chicago Police Department as a defendant is granted with leave to amend. The motion to dismiss Officers Hernandez and Markam is denied. The motion to dismiss the malicious-prosecution claim is granted with leave to amend. The motion to dismiss the Complaint for lack of specification for which Defendants used excessive force or failed to provide medical care is denied. The motion to dismiss Detective Reyes from the Complaint is granted. Lastly, the motion to dismiss Sergeant Crawford is granted with leave to amend.

Plaintiff is granted leave to file an amended complaint within 28 days of this Order. Any amended complaint should divide Plaintiff's allegations into separately numbered claims and state against which Defendants each claim is brought.

Date: 8-9-10

JOHN W. DARRAH
United States District Court Judge